UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

C. C. MENNEN, et al.,

        Plaintiffs,

v.                                            Case No. 08-C-765

CITY OF GREEN BAY, et al.,

        Defendants.

**ORDER**

      Plaintiffs, Mary Mettler and Cyril C. and Donna M. Mennen filed this pro se action in the Circuit Court for Brown County, Wisconsin, against the City of Green Bay and two housing inspectors, Jean Wolfgang[1] and Cheryl Renier-Wigg.[2] Liberally construed, their complaint states a "class of one" equal protection claim against the defendants. *See Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (*per curiam*). Plaintiffs allege that the defendants have discriminated against them in their enforcement of the City's building code by issuing citations for violations on their property while at the same time ignoring similar or more serious violations at nearby properties. The case is presently before the Court on cross motions for summary judgment. For the reasons set forth, Plaintiffs' motion will be denied and the Defendants' motion will be granted.

---

      [1]Jean Wolfgang was formerly known as Jean Luebke and Jean Angell. Her name is misspelled in the complaint.

      [2]Cheryl Renier-Wigg's name is also misspelled in the complaint.

# UNDISPUTED FACTS[3]

Plaintiff Mary Metzler, along with her husband Perry, who is not a party, own residential rental property at 413 Bond Street in the City of Green Bay. Cyril and Donna Mennen, Mary's parents, live in the adjoining Village of Ashwaubenon and have no legal interest in the 413 Bond Street property. In their complaint and an attached letter, Plaintiffs allege that Defendants Angel and Renier-Wigg issued citations for violations at 413 Bond Street but failed to take any action against properties at 410 Bond Street, 410 Oakland Street, and 509 Spring Street, even though those properties have longstanding violations of the City's building code. As for the property at 509 Spring Street, which is apparently owned by the mayor of Green Bay, the Plaintiffs alleged in their complaint that the guardrails were out of compliance or missing. Plaintiffs allege that the Defendants' failure to act on these other properties shows their actions concerning 413 Bond Street to be unreasonable and capricious, and a violation of their rights under the First Amendment for redress and under the Fourteenth Amendment for equal protection.

In response to Plaintiffs' complaint, the Defendants have offered evidence that Mettler received two citations for building code violations at 413 Bond Street: one for storm windows and the other for a handrail. One of the citations was dismissed, and Mettler paid one-half of the fine on the other. (Defendants Proposed Findings of Fact (DPFOF) ¶ 35.) Defendants have also offered evidence that the City has issued numerous orders for repair and other directives to the owners of

---

[3]These facts are deemed undisputed because the Plaintiffs failed to properly respond to them as the local rules require. *See* Civil L.R. 56.2 ("The response must refer to the contested finding by number and must include specific citations to the evidentiary materials in the record which support the claim that a dispute exists."). Similarly, Plaintiffs failed to submit properly supported Proposed Findings of Fact to support their own motion. Accordingly, their motion is summarily denied.

410 Bond Street and 410 Oakland Street. (DPFOF ¶¶ 10-26.) As to the mayor's house, Defendants offered evidence which Plaintiffs do not dispute that repair and noncompliance orders, and citations have been issued in the past. (DPFOF ¶¶ 52, 53, and 56.) As to the complaint concerning the handrails, however, the mayor's house is located in an historic district and the Building Inspection Superintendent determined that it was "grandfathered" into the building code that was in effect at the time it was built. (Aff. of Renier-Wigg ¶ 2, 8.)

**DISCUSSION**

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The only federal claim that is discernable in Plaintiffs' complaint is a class of one equal protection claim under the Fourteenth Amendment which is actionable under 42 U.S.C. § 1983. Judge Posner has described the paradigmatic "class of one" case, as "one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005). To prevail on such a claim, Plaintiffs must show that

3

the defendants intentionally treated them differently from others similarly situated, and that there is "no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus." *See Maulding Dev't, LLC v. City of Springfield*, 453 F.3d 967, 969-70 (7th Cir.2006) (quotation marks and citation omitted). It is difficult to succeed on a class-of-one equal protection claim, *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir.2004), as it should be. Otherwise, federal courts would be inundated with the equivalent of a disobedient child's plaintive cry to his parents: "But Johnny did it too." In essence, that is what the Plaintiffs claim here.

The Mettler property at 413 Bond Street was cited for two violations of the local building code, one of which was dismissed and the other for which Mary Mettler paid one-half the applicable fine. Plaintiffs do not dispute the violation for which they paid half of the applicable fine. Indeed, had they done so, Wisconsin law offers them a trial and even the right to at least two levels of appellate review. Wis. Stat. Chapters 800, 809. Instead, they filed suit claiming the City and two of its inspectors violated their constitutional rights because other property owners have violations, too, and the City has not gone after them. They ask this Court to prohibit the City from taking any steps to enforce its building code against their property until all other similar properties are brought up to the same standard and to award them damages against each of the defendants in the amount of $50,000. (Compl. at 3.)

It is clear at the outset that Plaintiffs Cyril and Donna Mennen have failed to state any claim of their own. They have no legal interest in their daughter's property and the complaint alleges no discriminatory treatment to property that they own. Accordingly, their claims are dismissed. It is also apparent that the complaint fails to state any claim against the City of Green Bay. Although

Wolfgang and Renier-Wigg are employed by the City, this does not make the City liable for their actions. The doctrine of respondeat superior does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To prevail on a claim that a municipal body has violated an individual's civil rights under § 1983, a plaintiff must establish that (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); 230 F.3d 319, 324 (7th Cir. 2000). Plaintiffs have offered no evidence of such a policy or practice here, and neither Wolfgang nor Renier-Wigg have final policymaking authority. Plaintiffs' claim against the City is therefore dismissed.

What remains is Mary Mettler's claim against Wolfgang and Renier-Wigg. This claim, however, fails as well. The undisputed evidence establishes that each of the properties named by Mettler have received a substantial amount of attention from the City's inspectors. While they may not have been cited, Mettler herself only received two citations, one of which was dismissed. Moreover, in Mettler's case, it appears her own tenant complained to the City. There is no evidence of any tenant complaints about the other properties. More importantly, Mettler provides no evidence to suggest that either Wolfgang or Renier-Wigg had any animosity or ill will toward her.

The Defendants concede that perhaps "some violations/complaints may have fallen through the cracks," (Def.'s Mot. Sum. J. 13), but "the Constitution does not require states to enforce their laws (or cities their ordinances) with Prussian thoroughness as the price of being allowed to enforce

5

them at all." *Hameetman v. City of Chicago*, 776 F.2d 636, 641 (7th Cir. 1985). "Otherwise few speeders would have to pay traffic tickets. Selective, incomplete enforcement of the law is the norm in this country." *Id.* "A showing of 'uneven law enforcement,' standing alone, will not suffice as showing ill will." *Albeiro v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001).

An equal protection claim must be founded in how the plaintiff himself was treated. Naturally that requires an analysis of how *others* were treated, but a singular focus on only one or a few other individuals can seldom be enough to demonstrate that the plaintiff himself was singled out. Thus, even if Plaintiffs were correct that a few other properties were more favorably treated, it does not follow that the Plaintiffs themselves were unconstitutionally targeted as a result of a totally illegitimate animus. Thus, based on the fact that the Plaintiffs have failed to present specific and sufficient evidence that supports any essential element of their claim, the Defendants' Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED** that the Plaintiffs' motion for summary judgment is denied, and the Defendants' motion for summary judgment is granted. The Plaintiffs' claims are dismissed, and the Clerk is directed to enter judgment forthwith.

Dated this   28th   day of August, 2009.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge